William C. KAVANAUGH and Rose H. Kavanaugh, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 80 C 5708.

United States District Court, N.D. Illinois, E.D.

June 23, 1983.

Mason D. Sullivan, Chicago, Ill., for plaintiffs.

Mary Rigdon, Asst. U.S. Atty., Chicago, Ill., James K. Wilkens, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This is a federal tax suit, in which the plaintiffs seek to take a bad business debt deduction, pursuant to 26 U.S.C. § 166, for losses they incurred due to the insolvency of a union pension plan into which plaintiff William C. Kavanaugh had been required to contribute as a condition of his employment. The United States has moved for summary judgment on the ground that contributions to a pension fund do not constitute a loan from the plaintiff to the fund and, therefore, are not deductible as a bad business debt if uncollectible. For the reasons stated below, the government's motion for summary judgment is granted.

## FACTS

William Kavanaugh has been a member of the International Typographical Union ("Union") since at least 1945. As a requirement of Union membership, he was required to pay yearly dues, a portion of which was allocated to the Union's pension plan ("Plan"). For some undisclosed number of years, the plaintiffs claimed the amount contributed to the Union as an income deduction. 26 U.S.C. § 162. At some later time, the plaintiffs stopped deducting the portion of union dues attributable to the Plan. In 1976, the Plan became insolvent and ceased making payments to the Kavanaughs and other beneficiaries thereof. The plaintiffs filed this action seeking to take a bad business debt deduction on their 1976 tax return in the amount of credit in their Plan account. The government opposes the deduction on the ground that contributions to a pension fund are not in the nature of a loan by the employee to the fund and, therefore, are not "bad debts" if uncollectible. It is the government's further position that the plaintiffs have forfeited their right to any allowance for their lost contributions since they failed to deduct the amount of some of those contributions in the applicable years. Accordingly, the United States moves for summary judgment. For the reasons stated below, that motion is granted.

## DISCUSSION

Section 166 of the Internal Revenue Code permits a taxpayer to deduct from his income the amount of a bad business debt in the year in which the debt actually becomes worthless. 26 U.S.C. § 166. The minimum prerequisite to a debt deduction is the existence of a bona fide debt. Such a debt can only arise from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable amount of money. 26 C.F.R. § 1.166–1(c). Additionally, the taxpayer must demonstrate that he was engaged in a trade or business and that the loss bears a direct relationship to that trade or business. 26 C.F.R. § 1.166–5. *Levin v. United States*, 597 F.2d 760 (Ct.Cl.1979). The Kavanaughs can demonstrate neither factor.

First, no debtor-creditor relationship exists. The plaintiffs have not loaned money to the Plan in any conventional sense or any other way. Rather, the plaintiffs' contributions to the Plan were required as a

condition of Union membership, which, in turn, presumably permitted continued employment. The tax laws make a subtle recognition of this fact by allowing the employee to take dues paid in order to retain union membership as a deduction from gross income. § 162. *See also Reinert v. Commissioner,* 39 T.C. 770 (1979); *Cavic v. Commissioner,* 36 T.C. 787 (1977); *Josan v. Commissioner,* 33 T.C. 645 (1974). The correlate provision is that when pension benefits are subsequently paid to union members who were required to pay into old age pension funds the benefits constitute taxable income. Rev.Rul. 54–190 1954–1 C.B. 46. Furthermore, a Special Ruling dated December 28, 1953 expressly directed to members of this Union, holds the same. 20 Fed. Taxes (P–H) ¶ 6271, Special Ruling, December 28, 1953. In contrast, a creditor is not required to report as income the repayment of a bona fide debt absent a realized gain. Thus, the interest received on an outstanding debt is income, 26 U.S.C. § 61; 26 C.F.R. § 1.61–7, while the principal likely is not.

Nor can the plaintiffs demonstrate an enforceable obligation requiring the Plan to pay them. The terms of the Plan make payment of benefits contingent on numerous events. For example a member must have attained a certain age and duration of membership or a showing of disability in order to receive Plan benefits. Also a pensioner "shall not be eligible for pension [payments] in any four-week pension period that money received as wages [in pursuit inside or outside the trade] shall exceed the sum equivalent to eight shifts' pay at the scale of the local union." Other qualifications stand in the way of the plaintiffs' claim to an absolute right to Plan benefits as set forth in the Plan documents. To the extent that the existence of a debt is at issue, this case is similar to *Agarano v. United States,* 110 F.Supp. 609 (D.Hawaii 1953). There, the taxpayer paid into a mutual benefit association but received only $292.02 of the $774.00 which he had paid in assessments and dues when the association was liquidated before he met all the conditions for receipt of benefit funds. The

district court held that the loss did not qualify as a "non-business bad debt" because, although the amount of benefits to be received were certain, specific factors embodied in the by-laws of the association conditioned payment on the approval of the directors of the association and use restrictions. 110 F.Supp. at 610–11. For the same reasons, the Court finds that no "debt" is owed to the Kavanaughs by the Plan: no unconditional obligation to pay benefits was ever incurred.

Second, even if a debt was incurred, that debt would not meet the codal requirements of a "business debt." The taxpayer must show that the loan was proximately related to his trade or business. 26 C.F.R. § 1.166–5. In *United States v. Generes,* 405 U.S. 93, 103, 92 S.Ct. 827, 833, 31 L.Ed.2d 62 (1972). The Supreme Court held that the dominant motivation, and not merely a significant motivation, must be business-related. Pertinent legislative history provides:

> The character of the. debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If the relation is a proximate one in which the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a nonbusiness debt for the purposes of this amendment.

H.R.Rep. No. 2333, 77th Cong., 2d Sess. 77; S.Rep. No. 1631, 77th Cong. 2d Sess. 90. Notwithstanding the inconsistencies that Congress' description poses under the facts of this case, the worthlessness of the "debt" would not have affected Kavanaugh in his business as a printer. The plaintiffs' assertion that because contributions were required as a condition of employment, the contributions are, *a priori,* "business-related" is a common-sense analysis, without precedent in tax law.

For the reasons stated, the Court finds that Kavanaugh's mandatory contributions to a now defunct pension fund were not in the nature of a business loan. Accordingly, the plaintiffs may not deduct as a bad business debt the amount credited to Kavanaugh's account when the Plan became insolvent.[1] Summary judgment is granted for the United States and against the plaintiffs. IT IS SO ORDERED.

---

1. The Court does not express any opinion on whether the Kavanaughs may deduct the loss they suffered under any other provision of the Tax Code. Despite the government's arguments that such deduction is improper for the tax year of 1976 or in any other year since, the issue is not properly before the Court.